AO 91 (Rev. 11/11) Criminal Complaint

**20-MJ-4022-REID**

FILED BY ___YR___ D.C.
Nov 16, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) |
| v. | ) |
| Einer Guerrero Torres | ) Case No. 8:20-mj-2138-T-AAS |
| Liscino Arboleda Vallecilla | ) |
| Luis Navarro Doria | ) |
| Williams Yoza | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 28, 2020__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b); and 21 U.S.C. § 960(b)(1)(B)(ii) | Conspiracy and possesion with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See attached affidavit

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Timothy W. Campbell, Special Agent, HSI
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d).

Date: November 12, 2020

_____
*Judge's signature*

City and state: Tampa, FL

AMANDA A. SANSONE, Magistrate Judge
*Printed name and title*

7

# AFFIDAVIT OF SPECIAL AGENT TIMOTHY W. CAMPBELL

Your affiant, Timothy Campbell, being duly sworn, deposes and states the following:

1. I am a Special Agent employed by Homeland Security Investigations ("HIS"). I have been so employed for approximately 19 years. Based on my training and experience as a Special Agent with HSI, I have conducted investigations concerning violations of Title 21, United States Code, Sections 959 and 960, which prohibit the production, transportation, importation, distribution and possession of illegal drugs, including cocaine, and violations of Title 46 Appendix, United States Code, Section 70503 (the Maritime Drug Law Enforcement Act), which prohibits drug trafficking on the high seas, including the possession with intent to distribute cocaine on vessels subject to the jurisdiction of the United States. Through these investigations, I have become familiar with the means and methods narcotics traffickers use to transport, import and distribute illicit drugs, as well as, the support and assistance that narcotics organizations require to conduct their illegal activities.

2. Since May of 2008, I have been assigned as a Special Agent to Operation Panama Express (North and South) Strike Force. Operation Panama Express is a federally approved Organized Crime Drug Enforcement Strike Force (OCDETF) investigation being conducted by the Drug Enforcement Administration (DEA), the Federal Bureau of Investigation (FBI), Homeland Security Investigations (HSI), the United States Coast Guard (USCG), the Internal Revenue Service (IRS) and state and local law enforcement agencies. Investigations initiated by Operation

8

Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Special Agents assigned to Operation Panama Express currently investigate cocaine smuggling organizations that are responsible for the transportation of cocaine through international waters of the Caribbean Sea and Pacific Ocean (via vessel) to transshipment locations for later introduction and distribution to the United States.

3. This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

  a. Einer Guerrero Torres (Colombian National);

  b. Liscino Arboleda Vallecilla (Colombian National);

  c. Luis Navarro Doria (Colombian National); and

  d. Williams Yoza (Ecuadorian National),

who knowingly and willfully conspired to possess with the intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1), 70506(a) and 70506(b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

4. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

5. The United States Coast Guard (USCG) has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

6. On October 28, 2020, while on routine patrol, in the international waters of the eastern Pacific Ocean, a helicopter assigned to the United States Ship Gabrielle Giffords observed a Go Fast Vessel ("GFV") approximately 135 nautical miles west of Colombian Territorial Waters. The helicopter was ultimately required to use approximately seven rounds of disabling fire to stop the GFV. A boarding team was sent to investigate the GFV. When they arrived, the boarding team observed one of the defendants in the water, moments before the other three defendants jumped off the GFV into the ocean. Not long after, the boarding team observed that the GFV was on fire. The boarding team observed bales floating near the GFV. All four defendants were removed from the water. The boarding team inquired as to the nationality of the vessel, but all four defendants refused to answer the boarding team's questions. The vessel was therefore treated as without nationality, and subject to the jurisdiction of the United States.

9. I viewed a photograph taken by the boarding team. The picture clearly shows two of the defendants in the water while the GFV was on fire. I also viewed a photograph taken by the boarding team, in which the image shows a black bale floating in the ocean. The boarding team collected the bales found in the ocean, near the GFV. In total, approximately 720 kilograms of a white powdery substance that

field tested positive for cocaine was contained inside the black burlap covered bales.

10. The helicopter identified a second GFV with three people onboard that began jettisoning numerous packages into the water approximately 14.5 nautical miles away from the first GFV. The helicopter marked the debris field with a smoke float. The United States Coast Guard Cutter Seneca was operating in the area and launched their over the horizon vessel to recover those specific bales. The boarding team ultimately recovered eight bales from that debris field. Those bales also contained cocaine. That cocaine is in addition to the approximate 720 kilograms that were jettisoned from the first GFV.

Case 1:20-mj-04022-AMS Document 4 Entered on FLSD Docket 12/20/2021 Page 12 of 30
Case 8:20-cr-00369-VMF-CPT Document 1 Filed 12/20/21 Page 620 Page 12

11. In my training and experience, the value of the cocaine being smuggled on the first GFV with four defendants onboard was at least $21 million. I believe that drugs of this quantity and value are intended for large-scale distribution. In this case, the size of the contraband shipment, and the attempt to destroy the GFV by setting the vessel on fire, believe to be done by a flair, clearly show that these defendants were knowingly and intentionally possessing with intent to distribute five kilograms or more of cocaine, while onboard a vessel subject to the jurisdiction to the United States, in violation of Title 46, United States Code, Sections 70503 and 70506, Title 18, United States Code, Section 2, and Title 21, United States Code, Section 960(b)(1)(B)(ii), as described herein.

_____
Timothy W. Campbell
Special Agent
Homeland Security Investigations

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 (d) (3), before me this 12 day of November, 2020.

_____
AMANDA SANSONE
United States Magistrate Judge

12